**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATRINA L. MORRIS** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **Civil Action No. 05-4439** |
| **TRANS UNION, LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF KATRINA L. MORRIS' MEMORANDUM OF LAW**
**IN SUPPORT OF HER DEMAND FOR A TRIAL BY JURY**

Plaintiff Katrina L. Morris filed this consumer action on August 19, 2005 against

Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681

*et seq.,* and various other state laws.  Plaintiff demanded a trial by jury as to all claims.

None of the defendants challenged Plaintiff's right to have any of her claims tried before

a jury.  At the December 15, 2005 Rule 16 status conference, however, the Court, *sua*

*sponte*, raised the issue of whether a party has a right to a jury trial on an FCRA claim (as

opposed to a bench trial), and ordered briefing on the issue.[1]

In raising the issue, the Court questioned whether there is a parallel between the

existing FCRA and the original version of the Title VII of the Civil Rights Act of 1964,

which was found not to provide a right to trial by jury, requiring its subsequent

amendment by Congress in 1991.  No parallel exists.  As other courts have found, and

unlike the original Title VII which exclusively conferred an action at equity, the FCRA

provides an action at law for the recovery of money damages for various types of injury.

---

[1]     The Court did not raise the same issue with respect to Plaintiff's negligence, defamation and invasion of privacy/false light claims and appeared to acknowledge that Plaintiff's state law claims were subject to a trial by jury.

As discussed below, overwhelming authority supports Plaintiff's right to a jury trial under the FCRA, and Plaintiff has found no authority to the contrary.   The foundation for Plaintiff's jury trial demand is as follows:

- The Seventh Amendment To The U.S. Constitution Confers To Plaintiff A Right To A Trial By Jury In This Type Of Case

- The Only Case Law On Point Supports Plaintiff's Right To A Trial By Jury Under The FCRA

- Consistent With Other Sections Of The Consumer Credit Protection Act, Plaintiff Has A Right To A Trial By Jury Under The FCRA

- Scores Of Federal Judges Have Understood The FCRA To Confer A Right To A Trial By Jury And Have Uniformly Allowed FCRA Claims To Go To Juries

- Public Policy Supports Plaintiff's Right To A Trial By Jury Under The FCRA

- Unlike The Original Title VII, The FCRA Does Not Solely Limit Relief To Equitable Measures Determined Only By The Court, But Instead Permits A Jury To Award Many Different Types Of Money Damages

For all of these reasons, discussed in detail below, Plaintiff's FCRA claim as well as her common law claims must, at the time of trial, be tried before a jury.

**A.    The Seventh Amendment To The U.S. Constitution Confers To Plaintiff A Right To A Trial By Jury In This Type Of Case**

The Seventh Amendment to the U.S. Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. CONST. Amend. VII.  By using the phrase "suits at common law," the Constitution mandates jury trials for legal actions in federal court but not for equitable actions.  *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,

494 U.S. 558, 564 (1990).[2]  Plaintiff's FCRA claim presents a legal action sounding in tort and seeking money damages well in excess of twenty dollars.  Complaint, ¶¶ 10-28, 29-38 and sec. VII.  Accordingly, the U.S. Constitution confers to Plaintiff the right to a jury trial in this type of case.

The U.S. Supreme Court has adopted a two-part test to determine whether a claim qualifies as "legal" or "equitable" for purposes of the Seventh Amendment right to a trial by jury.   First, a court must "compare the . . . action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, [a court is to] examine the remedy sought and determine whether it is legal or equitable in nature."  *Terry*, 494 U.S. at 565 (internal citations and quotations omitted); *cf. Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384, 1389-90 (1996).  The U.S. Supreme Court has concluded on the basis of this two-prong test that the parties are entitled to trial by jury when an award of money damages, not in the nature of equitable restitutionary or injunctive relief, is sought.   *Wooddell v. International Brotherhood of Electric Workers*, 502 U.S. 93, 97 (1991).

Specifically, the Supreme Court enunciated a "general rule" enforcing the guarantee to trial by jury in damage actions:

> Generally, an award of money damages was the traditional form of relief offered in the courts of law.  Because we found that the damages sought were neither analogous to equitable restitutionary relief nor incidental to or intertwined with injunctive relief, we concluded that the

---

[2]     Since most federal law is now codified, for purposes of the Seventh Amendment, suits at "common law" could and do include federal statutory actions.  *See, e.g., Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (Copyright Act)*; Wooddell v. International Brotherhood of Electric Workers*, 502 U.S. 93 (1991) (Labor Management Relations Act and Disclosure Act); *Bailey v. Runyon*, 220 F.3d 879  (8th Cir. 2000) (Title VII after 1991 Amendments); *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893 (7th Cir. 1998) (Fair Debt Collection Practices Act); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) (Truth in Lending Act).

> remedy had none of the attributes required for an exception
> to the general rule, and thus found the remedy sought to be
> legal.

*Id.* (citations omitted).

In the case at bar, as in *Terry*, "[t]he second inquiry is the more important in our analysis." *Terry*, 494 U.S. at 565.[3]  That inquiry focuses upon the remedy that is sought. The FCRA unequivocally provides for the relief of money damages (statutory, actual and punitive damages), and there can be no doubt that Plaintiff seeks that legal relief in this action.  *See* 15 U.S.C. § 1681n & 1681o; *see also* Complaint at sec. VII.  As pled in Plaintiff's Complaint and more fully articulated in the Rule 16 conference in this matter, Ms. Morris claims that Defendants' conduct caused her to lose employment opportunities, be denied credit cards and car loans, and held her back from establishing credit over a period of years.[4]  Plaintiff also seeks damages for the significant frustration,

---

[3]      Plaintiff is not aware of any 18th-century "fair credit" action available in England or the United States.  Indeed, given the fact that the wide use of credit, the introduction of charge and credit cards, and the creation of credit bureaus did not occur until after World War II, the first part of the *Terry* test does not control, or even give any specific guidance, in this type of case.  *See generally* testimony of Dolores S. Smith, Director, Division of Consumer and Community Affairs, The Federal Reserve Board before the Subcommittee on Financial Institutions and Consumer Credit, Committee on Financial Services, U.S. House of Representatives, June 4, 2003 and July 29, 2003; *Credit Ca*rds, St. James Encyclopedia of Popular Culture (Gale Group 2002).  To the extent that the FCRA is construed as a type of tort, which is a common view by courts as discussed *infra*, there can be no doubt that actions sounding in tort were brought in courts of law in 18th Century England and tried before juries.  *See, e.g.,* T. Plucknett, A Concise History of the Common Law 125, 348 (4th ed. 1948); J. Baker, An Introduction to English Legal History 59 (2d ed. 1979).

[4]      As this Court knows, Plaintiff in this case claims that for years Defendants reported against Plaintiff a bankruptcy and foreclosures that did not relate to her.  Somebody else filed the bankruptcy when Plaintiff was a minor.  The foreclosures also occurred when Plaintiff was a minor.  Plaintiff did not file for bankruptcy and had nothing to do with the foreclosures.  Despite putting Defendants on notice of this obvious mix-up, Defendants repeatedly failed to reasonably handle Plaintiff's disputes and correct the problem.  At the Rule 16 conference, several Defendants advised that after the lawsuit they had corrected their records and that they believed that the mix-up perhaps occurred because a perpetrator may have stolen Plaintiff's identity and committed fraud.  Records turned over to Plaintiff by Defendant National City Mortgage since the Rule 16 conference, including a driver's license photo identification, conclusively show that

embarrassment, humiliation, anxiety, and mental and emotion distress that Defendants caused to her through their inaccurate reporting and reckless investigations into her disputes.  *See* Complaint at ¶¶ 10-24, 25, 34, and sec. VII.[5]

The damages available to successful plaintiffs under sections 1681n and 1681o of the FCRA are akin to compensatory damages available under many common law torts. Indeed, both the Third Circuit and former Eastern District of Pennsylvania Chief Judge Giles (and other courts) have specifically found that the FCRA is akin to a claim in "tort."   *Philbin v. Trans Union Corporation*, 101 F. 3d 957, 968 (3d. Cir. 1996) ("We deem it sufficient that, as with most other <u>tort</u> actions, a FCRA plaintiff produce evidence from which a reasonable trier of fact could infer that the inaccurate entry was a 'substantial factor' that brought about the denial of credit.") (citing Restatement (Second) of Torts § 431(a)) (emphasis added); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp. 2d 356, 360 (E.D. Pa. 2001) (Giles, C.J.) ("[E]ach transmission of the same credit report is a separate and distinct <u>tort</u> . . .") (quoting *Hyde v. Hibernia*, 861 F.2d 446, 450 (5th Cir.1988) (FCRA is akin to tort) (emphasis added).[6]

---

[5] the person who was responsible for one of the mortgages that was foreclosed upon was a different Katrina Morris, with a different date of birth, driver's license number, street address, signature, and other personal identifying information.  Attached hereto as Exhibit A is a copy of the photo identification of the Katrina Morris really responsible for the foreclosure.   Attached hereto as Exhibit B is Plaintiff's photo identification, which was provided to the credit bureaus as part of Plaintiff's disputes as early as 2001.

[5]     Plaintiff also believes that she is entitled to, and has requested in her Complaint, an order from this Court directing that Defendants delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information.   *See* Complaint at sec. VII.   Plaintiff believes that this issue has, as a practical matter, most likely become moot for purposes of this case.   Although Plaintiff's counsel has not yet seen corrected copies of all of Plaintiffs credit files and records, defense counsel have represented to Plaintiff's counsel that the inaccurate information has now been or will be expunged.

[6]     For purposes of a Seventh Amendment analysis, there can be no doubt that tort actions seeking money damages were "suit[s] at common law" for which a jury trial was provided.

5

Many other courts, both within the Third Circuit and elsewhere, have held that an FCRA plaintiff may recover many types of tort-like damages such as economic loss, emotional distress, mental anguish, embarrassment, harm to credit reputation and other forms of consequential money damages.  Among the types of damages that a plaintiff can recover in an FCRA case are:

- Economic or Financial Losses.  *Casella v. Trans Union*, 56 F.3d 469 (2nd Cir. 1995); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995);

- Injury to Plaintiff's Credit Rating and Reputation.  *Dalton v. Capital Assoc.*, 257 F.3d 409, 418019 (4th Cir. 2001); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W.Va. 1990);

- Humiliation.  *Casella v. Trans Union*, 56 F.3d 469 (2nd Cir. 1995); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995);

- Mental Anguish. *Cushman v. Trans Union Corp.,* 115 F. 3d 220, 225-27 (3d. Cir. 1997) (actual damages may be emotional in nature); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983);

- Emotional Distress. *Casella v. Trans Union*, 56 F.3d 469 (2nd Cir. 1995); *Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir. 2001); *Lawrence*, 296 F.Supp. 2d. 582, 588-89, 2003 WL 22992081 at * 3-5; *Evantash v. G.E. Capital Mortgage Servs., Inc*., Civ. No. 02-1188, 2003

---

Common-law tort actions were brought under the writs of trespass and trespass on the case.  *See generally* S. F. C. Milsom, HISTORICAL FOUNDATIONS OF THE COMMON LAW 283-313 (2d ed. 1981).  "Trespass" remedied direct, forcible tortious injuries and "trespass on the case" remedied indirect or consequential harms.  *See, e.g.,* Dix, *Origins of the Action of Trespass on the Case*, 46 Yale L. J. 1142, 1163 (1937); Krauss, *Tort Law and Private Ordering*, 35 St. Louis U. L. J. 623, 637, and n. 66 (1991).  Claims brought pursuant to these writs and seeking money damages were triable to juries at common law.  *See, e.g.,* T. Plucknett, A CONCISE HISTORY OF THE COMMON LAW 125, 348 (4th ed. 1948); J. Baker, AN INTRODUCTION TO ENGLISH LEGAL HISTORY 59 (2d ed. 1979).  The U.S. Supreme Court has long recognized that statutory actions sounding in tort and seeking money damages are entitled to jury trial under the Seventh Amendment.  *See Curtis v. Loether*, 415 U.S. 189, 195 (1974) (according jury trial because "[a] damages action under [Title VIII of the Civil Rights Act of 1968] sounds basically in tort–the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach"); *see also Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974) ("This Court has long assumed that . . . actions for damages to a person or property … are actions at law triable to a jury"); *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) ("The Seventh Amendment . . . entitle[s] the parties to a jury trial in actions for damages to a person or property . . . ").

WL 22844198 * 5 (E.D. Pa. Nov. 25, 2003); *Crane v. Trans Union, LLC* 282 F. Supp. 2d 311, 321 (E.D. Pa. 2003) (citations and footnotes omitted)*; see also Cushman v. Trans Union Corp.,* 115 F. 3d 220 (3d. Cir. 1997); *Sheffer v. Experian Info. Solutions, Inc.*, Civ. No. 02-7407, 2003 WL 21710573 at * 3 (E.D. Pa. July 24, 2003) ("At the very least, Plaintiff may be entitled to damages for the emotional distress he may have suffered in connection with his efforts to correct the error . . . ").

- <u>Anxiety</u>.  *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982).

- <u>Embarrassment</u>.  *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982).

- <u>Frustration</u>.  *Millstone v. O' Hanlon Reports, Inc.*, 529 F.2d 829, 834-35 (8th Cir. 1976); *Lukens v. Dunphy Nissan, Inc.*, Civ. No. 03-767, 2004 WL 1661220 at * 5 (E.D. Pa. Jul. 26, 2004) (in FCRA case, plaintiff may recover for having to place fraud alert on his credit report and for time in dealing with and attempting to clear up identify theft situation).

These are the types of traditional tort-like harms for which Plaintiff is seeking money damages here.   In sum, Plaintiff seeks relief that is legal in nature, and not strictly equitable restitutionary relief or solely incidental to injunctive relief.   Accordingly, Plaintiff has a Seventh Amendment right to a jury trial in this type of case.

**B.     The Only Case Law On Point Supports Plaintiff's Right To A Trial By Jury Under The FCRA**

The only case law that Plaintiff has been able to find squarely addressing the issue of whether FCRA cases are to be tried by the bench or before a jury holds that consumers have the right to a jury trial under the FCRA.  *See Cole v. American Family Mutual Insur. Co.*, Civ. No. 04-2073, *slip. op.* (D. Kan. April 19, 2005) (a copy of the *Cole* decision is attached hereto as Exhibit C).  The *Cole* court found that the Seventh Amendment to the U.S. Constitution provided for a right to a jury trial in FCRA cases.  *Id.* at 4 & 6.    No court, to Plaintiff's knowledge, has held that the FCRA allows only a bench trial, and not a jury trial.

C.    **Consistent With Other Sections Of The Consumer Credit Protection Act, Plaintiff Has A Right To A Trial By Jury Under The FCRA**

The FCRA is part of a package of federal legislation collectively known as the Consumer Credit Protection Act ("CCPA"), which was designed to protect consumer credit.[7]  Courts that have examined the right to a jury trial under other titles of CCPA have concluded that consumers do, indeed, have a right to a jury trial in prosecuting their cases.  The civil liability provisions in these titles are virtually identical.   For the same reasons that courts have found that other titles of the CCPA provide for a right to a jury trial, this Court should conclude that Plaintiff in the case at bar has a right to a jury trial under the FCRA.

In *Barber v. Kimbrell's, Inc*., 577 F.2d 216, 224-226 (4th Cir. 1978), for example, the Fourth Circuit concluded that a trial by jury is guaranteed by the Seventh Amendment in a TILA action. At least two other reported federal decisions have also concluded that the right to trial by jury is preserved under TILA.  *Mosley v. National Finance Co., Inc.*, 440 F.Supp. 621, 621-622 (M.D.N.C. 1977); *In re McCormick*, 61 B.R. 595, 596 (Bankr. D. Nev. 1986).

Similarly, in *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893 (7th Cir. 1998), the Seventh Circuit held that pursuant to the Seventh Amendment consumers were entitled to a jury trial under the FDCPA, even as to the additional "statutory" damages available under that act.  *Id.; see also Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830 (11h Cir. 1982) (consumer has right to jury trial under FDCPA).  Statutory damages of up to

---

[7]     The CCPA includes the FCRA as well as the Truth in Lending Act, 15 U.S.C. §§ 1601-1667e ("TILA"); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"); the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA"); the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693-1693r ("EFTA"); and, as of 1997, also the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j ("CROA").

$1,000 are also available under the FCRA for willful violations.  *See* 15 U.S.C. § 1681n.

The FCRA also allows for many different types of cognizable "actual damages" as well

as punitive damages.  *See* 15 U.S.C. §§ 1681n & o.

     The civil liability-conferring sections of TILA and the FDCPA are virtually

identical to those of the FCRA.  *Compare* 15 U.S.C. §§ 1640 ("TILA") and 1692k

("FDCPA") *with* 15 U.S.C. §§ 1681n & o ("FCRA").   The TILA and FDCPA provide

that covered parties who violate any provision of the statute are "liable to that person . . .

."  15 U.S.C. § 1640(a); 15 U.S.C. § 1692k(a).  The FCRA provides that covered parties

are "liable to that consumer . . . ."   15 U.S.C. §§ 1681n(a) & o(a).  All three statutes

allow for the recovery of "actual damages," and also make available statutory damages

up to $1,000.  *Compare* 15 U.S.C. § 1640(a)(1) & 2(ii); 15 U.S.C. § 1692k(a)(2)(A) with

15 U.S.C. § 1681n(b); *see also* 15 U.S.C. § 1681o(a)(1).

     As these CCPA titles share a parallel statutory scheme and provide the same types

of relief for consumers, they should also be construed consistently to each allow for the

right to a jury trial.  Accordingly, this Court should take guidance from the TILA and

FDCPA decisions cited above and find that, like other titles of the CCPA, the FCRA

confers a right to a jury trial.

    **D.**    **Scores Of Federal Judges Have Understood The FCRA To Confer A
Right To A Trial By Jury And Have Uniformly Allowed FCRA
Claims To Go To Juries**

     It bears mention that since the enactment of the FCRA in 1970 scores of federal

judges have presided over FCRA trials – uniformly allowing consumers to have their day

in court before juries.  *See, e.g., Bach v. First Union Nat'l Bank*, Civ. No. 04-3899, 2005

WL 2009272 (6th Cir. 2005) (upholding jury award of $400,000 in compensatory

damages for emotional pain and suffering, humiliation, lost credit opportunities and damage to plaintiff's reputation for creditworthiness, remand punitive damage award of $2,628,600 in FCRA case); *Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004) (upholding jury award of $90,300 for FCRA s-2(b) negligent reinvestigation); *Bryant v. TRW Inc.,* 689 F.2d 72 (6th Cir. 1982) (upholding FCRA jury award of $8,000 for embarrassment and humiliation, attorney's fees $13,705); *see also Boris v. Choicepoint Servs., Inc.*, 2003 WL 1255891 (W.D. Ky. March 14, 2003) (jury award of $100,000 in actual damages and $250,000 in punitive damages was held as appropriate under the FCRA); *Trans Union Corp. v. Crisp,* 896 S.W.2d 446 (Ark. App. 1995) (jury award of $15,000 in actual damages, $25,000 in punitive damages in an FCRA case involving reports which did not show that debts had been satisfied); *Milgram v. Advanced Cellular Systems, Inc.,* 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for credit damage in FCRA case, $20,224 in attorney's fees); *Jones v. Credit Bureau of Huntington, Inc.,* 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 for compensatory damages and $42,500 in punitive damages in FCRA action upheld); *Pinner v. Schmidt,* 617 F. Supp. 342 (E.D. La. 1985) ($25,000 in actual damages for negligent credit violations in FCRA case) (reversed on appeal on other grounds); *Collins v. Retail Credit Co.,* 410 F. Supp. 924 (E.D. Mich. 1976) (jury award of $21,750 for loss of reputation, embarrassment and $300,000 in punitive damages, reduced to $50,000 in punitive damages in FCRA case).[8]

---

[8]    *See also Thomas v. Trans Union*, (D. Or. 2002) (jury award of $5.3 million; $5 million for punitive damages, remitted to $1 million); *Cousins v. Trans Union, LLC*, (N.D. Miss. 1998) (jury award of $4.45 million); *Jorgeson v. TRW, Inc.*, Civ. (D. Or. 1998) (jury awarding plaintiff $600,000 for compensatory damages for credit rating damage and emotional distress); *see also Soghomonian v. U.S.A.,* (E.D. Cal. 2003) (jury award of $990,000; $330,000 in actual damages and $660,000 in punitive damages); *Zotta v. Nations Credit* (E.D. Mo. 2003) (jury award of $87,500 for FCRA s-2(b) negligent reinvestigation).

Although the fact that many federal judges have allowed FCRA cases to be tried before juries is not tantamount to a holding that consumers have a right to a jury trial under the FCRA, this reality reflects a consistent and unequivocal approach by the judges who have confronted FCRA trials.  That history weighs heavily against depriving FCRA consumers of the right to a trial by jury.

**E.    Public Policy Supports Plaintiff's Right To A Trial By Jury Under The FCRA**

The FCRA is to be liberally construed in favor of consumers.  *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995).  The Act's most salient liability-conferring provisions – 1681e(b); 1681i; and 1682s-2(b) – impose the standard of  "reasonableness," a standard that has traditionally been within the province of juries.  Moreover, the FCRA allows for a broad measure of compensatory damages, including for harm such as anxiety, embarrassment, humiliation and emotional distress – types of damages that juries have traditionally been charged with assessing.  The public policies, fundamental standards and compensatory aims of the FCRA make it clear that Congress intended that consumers have the right to try their FCRA cases before juries.

The FCRA was prompted by "congressional concern over abuses in the credit reporting industry."  *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d. Cir. 1996)*; see also Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329 (9th Cir. 1995).  Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer. *Ackerly v. Credit Bureau of Sheridan, Inc.*, 385 F. Supp. 658 (D. Wyo. 1974).  The FCRA was crafted to protect consumers from the transmission of inaccurate information about them.  *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985).  Like the other portions of the Consumer Credit Protection Act of 1968, the FCRA is to be

*liberally construed in favor of the consumer. See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995).

Congress enacted the FCRA to protect consumers against "the trend toward . . . the establishment of all sorts of computerized data banks [that places a consumer] in great danger of having his life and character reduced to impersonal 'blips' and key punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable." *Dalton v. Capital Associated Industries, Inc.*, 257 F. 3d 409 (4th Cir. 2000) (citing 116 Cong. Rec. 36570). As a result, the FCRA imposes "*grave responsibilities*" upon consumer reporting agencies to ensure the accuracy of the information that they report. *Cushman v. Trans Union Corp.*, 115 F. 3d 220, 225 (3d. Cir. 1997) (emphasis added).

Construing the FCRA liberally in this context, and promoting its broad remedial measures, further weighs in favor of permitting the submission of Plaintiff's claims to a jury. Juries have traditionally measured the types of harm to one's finances, reputation and emotional well-being. Moreover, the standards of reasonable conduct in protecting the privacy and integrity of personal consumer financial data is best left up to juries. Moreover, measures of punishment (in the form of statutory damages and punitive damages available under section 1681n) traditionally have also been within the province of juries. A liberal construction of the FCRA, consistent with Congress's intent and the Act's remedial purposes, supports Plaintiff's demand to a trial by jury.

F.    **Unlike The Original Title VII, The FCRA Does Not Solely Limit Relief To Equitable Measures Determined Only By The Court, But Instead Permits A Jury To Award Many Different Types Of Money Damages**

At the Rule 16 conference, the Court specifically inquired why the FCRA was not akin to the original version of Tile VII of the Civil Right Act of 1964, which did not provide for a jury trial.  Unlike the FCRA, however, the original version of Title VII was a statute that was strictly *equitable* in nature; it did not allow for the recovery of money damages or compensatory damages.  (Title VII , for example, allowed a plaintiff to be reinstated to his or her position and to recover his or her back-wages, but did not allow the recovery of consequential or compensatory damages).  By contrast, the FCRA has always allowed for the recovery of consequential money damages and punitive damages, and thus has been construed to provide for a right to a jury trial.

The U.S. Supreme Court and many federal appeals courts have explained that prior to the 1991 Amendments, a Title VII plaintiff had no right to seek relief in the form of money damages.  *See, e.g., Landgraf v. USI Film Products*, 511 U.S. 244, 252 (1994); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416-21 (1975).  Because there was no right to recover any damages under Title VII prior to the 1991 Amendments, the U.S. Supreme Court had never recognized a Title VII plaintiff's right to a jury trial.  *See, e.g., Landgraf v. USI Film Products*, 511 U.S. at 253-54 n. 4; *Lytle v. Household Manufacturing, Inc.*, 494 U.S. 545, 549 n. 1 (1990) (assuming without deciding that there was no right to a jury trial).

The 1991 Amendments, however, granted plaintiffs (in addition to equitable relief) the right to seek damages for intentionally discriminatory treatment in employment in violation of Title VII, *see, e.g.*, 42 U.S.C. § 1981a(a), and thus also conferred upon

plaintiffs the right to a jury trial.  *See Bailey v. Runyon*, 220 F.3d 879, 882 n.2 (8th Cir. 2000) ("The 1991 amendments, 42 U.S.C. § 1981a, added compensatory and punitive damages relief to the already existing equitable relief and provided for a jury trial if such damages were requested.")  (citing discussion in *Hopkins v. Saunders*, 199 F.3d 968, 978 (8th Cir.1999)).[9]

Because the FCRA has never been construed to be an action strictly in equity, and also because money damages and punitive damages have always been available under the FCRA, courts have uniformly understood FCRA plaintiffs to have a right to a jury trial. Indeed, the statutory, actual and punitive damages that Plaintiff seeks in this case are all money damages to compensate her for the consequences of Defendants' conduct.   In this respect Plaintiff's FCRA claim is not at all akin to a Title VII claim as that statute stood prior to the 1991 Amendments.  Plaintiff's claim under the FCRA is one that allows for the recovery of money damages and thus also allows her to have her case tried before a jury.

---

[9] *See also Duse v. IBM Corp.*, 252 F.3d 151, 158-59 (2d Cir. 2001)  (" . . . dealing with Title VII as it stood prior to its amendment in 1991, the [U.S. Supreme] Court noted that the remedial scheme of Title VII, which provided for equitable relief but not for damages, was more limited than that applicable to traditional tort-type claims." (citing *United States v. Burke*, 504 U.S. 229, 239-40 (1992)); *see generally* Civil Rights Act of 1991, Pub.L. 102 166, Title I, § 102 (codified at 42 U.S.C. § 1981a) (amending Title VII to provide right to a jury trial, and expanding available relief to include capped compensatory and punitive damages); *Bouton v. BMW of North America, Inc.* 29 F.3d 103, 105 n.1 (3d Cir. 1994) (noting that "jury trial was not available in Title VII actions when this suit was filed in July 1990" because the "Civil Rights Act of 1991 amendment to Title VII that provided access to juries did not apply retroactively." (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 737 n. 40 (3d Cir.1988) and *Landgraf v. USI Film Products*, 511 U.S. 244 (1994)).

For this, as well as all of the other reasons set forth above, Plaintiff respectfully submits that she has a right under the FCRA to present her claims to a jury.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _____

JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: January 6, 2005

## CERTIFICATE OF SERVICE

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law In Support Of Her Demand For A Trial By Jury to be served by way of U.S. mail, first-class and postage pre-paid, upon the following individuals:

Bruce S. Luckman, Esquire
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103

Timothy P. Creech, Esquire
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103

John C. Eustice, Esquire
Jones Day
500 Grant Street, Suite 3100
Pittsburgh, PA 15219-2502

Lewis P. Perling, Esquire
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Catherine Olanich Raymond, Esquire
Christie Pabarue Mortensen & Young
1880 John F. Kennedy Boulevard
10th Floor
Philadelphia, PA  19103

Deborah R. Erbstein, Esquire
Bernstein Law Firm, P.C.
Gulf Tower
707 Grant St., Suite 2200
Pittsburgh, PA 15222

**FRANCIS & MAILMAN, P.C.**

_____
JOHN SOUMILAS, ESQUIRE
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: January 6, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATRINA L. MORRIS**                                  ) | |
| )                                              | |
| **Plaintiff,**          ) | |
| **vs.**                             ) | |
| )                                              | **Civil Action No. 05-4439** |
| **TRANS UNION, LLC, et al.**                           ) | |
| )                                              | |
| **Defendants.**          ) | |
| )                                              | |

ORDER

     AND NOW, this _____ day of _____, 2006, upon consideration of

Plaintiff's Memorandum of Law in Support of her Demand for a Trial by Jury, and any

opposition thereto, it is hereby ORDERED that Plaintiff has the right to a jury trial for

her claims under the Fair Credit Reporting Act as well as her state law claims in this

matter.

                           BY THE COURT:


                           _____

                           Shapiro,